UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 18 CR 713 |
| | ) | Judge Jorge L. Alonso |
| DEREK WALKER | ) | |

MOTION OF THE UNITED STATES FOR ENTRY OF
PRELIMINARY ORDER OF FORFEITURE

The United States of America, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, moves for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, and in support thereof submits the following:

1. On October 18, 2018, an indictment was returned charging defendant DEREK WALKER with illegally possessing a firearm that had previously been transported in interstate commerce, pursuant to the provisions of 18 U.S.C. § 922(g)(1).

2. The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

3. On February 20, 2019, pursuant to Fed R. Crim. P. 11, defendant DEREK WALKER entered a guilty plea to the indictment.

4. In the plea agreement entered between the defendant and the United States, defendant DEREK WALKER agreed that a Taurus, Model PT140, .40 caliber firearm, bearing serial number SUH78149, and associated ammunition is subject to forfeiture and further agreed to

relinquish any right, title or ownership interest that he has in the property pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B), unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing.

6. In accordance with this provision, the government requests that this Court enter a preliminary order of forfeiture so that the foregoing property may be disposed of according to law, including destruction.

7. Pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture, the government requests that the Federal Bureau of Investigation seize and take custody of the foregoing property for disposition according to the law.

8. Further, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), upon entry of a preliminary of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law.  The government may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government is unaware, at this time, of anyone who qualifies for such notice.

9. Further, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if following notice as directed by this Court, and 21 U.S.C. § 853(n)(1), any person, other than the defendant, asserts an interest in property that has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under

paragraph eight, whichever is earlier, and petitions the Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the court alone, without a jury.

10. Following the Court's disposition of all third party interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture as to the property which is the subject of this preliminary order of forfeiture, vesting clear title in the United States of America.

11. The United States requests that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against defendant DEREK WALKER and included in any judgment and commitment order entered in this case against him.

WHEREFORE, pursuant to the provisions of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, the United States requests that this Court enter a preliminary order of forfeiture as to the foregoing property in accordance with the draft preliminary order of forfeiture which is submitted herewith.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: _/s/ Tobara Richardson_ _____
    TOBARA RICHARDSON
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5300